McGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration
CHANTAL R. JENKINS, PA SBN 307531
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8931
    Facsimile: (415) 744-0134
    E-Mail: Chantal.Jenkins@ssa.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHANIE GAIL BOISCLAIRE,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW SAUL[1],<br>Commissioner of Social Security,<br><br>    Defendant. | No. 2:18-cv-01748-DB<br><br>STIPULATION AND ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff Stephanie Gail Boisclaire be awarded attorney fees in the amount of SIX THOUSAND DOLLARS AND 00 CENTS ($6,000.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

1

compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: December 17, 2019      */s/ Stuart T. Barasch by Chantal R. Jenkins\**
STUART T. BARASCH
As authorized *via* email on December 17, 2019
Attorney for Plaintiff

Dated: December 17, 2019      MCGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX

Social Security Administration

By: */s/ Chantal R. Jenkins*
CHANTAL R. JENKINS
Special Assistant United States Attorney

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.[2]

DATED: December 12, 2019 /s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the parties' stipulation and this order, plaintiff's November 26, 2019 motion for attorney's fees (ECF No. 19) is denied as having been rendered moot.